THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL MELTSNER, on Behalf of CHARLES A. NOAK, Appellant, *v.* HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.

Second Department, July 14, 1969.

*Jack Himmelstein* and *Michael Meltsner* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Michael Jaffe* and *Samuel A. Hirshowitz* of counsel), for respondent.

BENJAMIN, J. On this appeal from the dismissal of a writ of habeas corpus, we are presented with the question of whether an inmate sentenced to a reformatory term may be transferred to a State prison, treated no differently there than nonreforma-

tory inmates, and confined beyond the maximum term to which he would have been subject had he received a prison sentence.

The relator pleaded guilty to attempted grand larceny in the second degree and was sentenced on February 4, 1966 to the Elmira Reformatory. He was then 22 years old. About three months after being received at Elmira Reformatory, he was transferred to Dannemora State Hospital as insane. Nearly a year later, he was transferred from Dannemora to Clinton Prison and sometime later to Green Haven Prison, where he is presently confined.

Had relator been sentenced pursuant to sections 261 and 1297 of the Penal Law of 1909, the maximum prison term to which he would have been subject was two and one-half years and he would already have gained his release. However, he was sentenced pursuant to sections 2185 and 2195 of the Penal Law of 1909 and section 288 of the Correction Law which provided for reformatory sentences for males between the ages of 21 and 30 years, prohibited the court in imposing a reformatory sentence from fixing its duration, empowered the Board of Parole to terminate the sentence and provided for a five year maximum on a reformatory term.

The relator's contention that reformatory sentences run afoul of the equal protection clause of the Fourteenth Amendment of the United States Constitution where they provide for longer terms than the statutory maximum for the same offense has no merit. Similar statutes have been challenged on this ground and have been sustained (see, e.g., *People ex rel. Kipnis v. McCann*, 199 App. Div. 30, affd. 234 N. Y. 502; *People ex rel. Rabiner* v. *Warden of City Prison*, 209 App. Div. 795; *Cunningham* v. *United States*, 256 F. 2d 467; *Rogers* v. *United States*, 326 F. 2d 56; *Carter* v. *United States*, 306 F. 2d 283). The ability to benefit from, and the availability of, rehabilitation facilities and treatment form a rational basis for distinguishing between persons convicted of the same offense, so as to subject one to a potentially greater period of confinement; and we cannot say that the legislative determination that a distinction be made between those persons older than 30 years and those 30 years and younger is arbitrary.

However, it is precisely the rationale for finding no deprivation of equal protection to those given reformatory sentences that requires the granting of habeas corpus relief herein. Whereas the provision for reformatory sentences is constitutional, as is, in our opinion, section 6-a of the Correction Law which empowers the Commissioner of Correction to transfer

inmates from one State correctional institution to another, the statutes may not, in conjunction, operate to confine a reformatory term inmate for a period greater than the maximum to which a prison term inmate convicted of the same crime is subject, unless the basis for distinguishing between the two persons continues to exist. "While it is not for the court to determine the nature of the treatment or facilities to be afforded to the relator, nevertheless where the claim is that a person sentenced to an institution for rehabilitation is being deprived of any rehabilitation treatment, the court should inquire into that allegation" (*People ex rel. Ceschini* v. *Warden,* 30 A D 2d 649; see, also, *People ex rel. Brown* v. *Johnston,* 9 N Y 2d 482; *People ex rel. Blunt* v. *Narcotic Addiction Control Comm.,* 58 Misc 2d 57).

The evidence here is that the relator is not receiving the benefits of rehabilitation facilities and his treatment is indistinguishable from those with prison terms. A holding that equal protection is not violated by such confinement beyond the maximum for a prison sentence for the same offense would be inherently inconsistent — the constitutionality of the relator's reformatory sentence is sustained, in theory, on the ground that rehabilitation is a rational basis for distinguishing between persons convicted of the same offense, while, in operation, by virtue of an administrative transfer no rational basis for distinction now exists.

The sustaining of the writ, however, does not require absolute discharge (cf. *People ex rel. Brown* v. *Johnston, supra*; *People ex rel. Saia* v. *Martin,* 289 N. Y. 471); nor does it mandate transfer to Elmira Reformatory. We do not hold that a reformatory term inmate must be confined to a reformatory, but merely that whatever correctional institution in which he may be confined must afford him treatment consistent with his sentence. If none is readily available at Green Haven Prison, the relator herein must either be transferred to an institution where such treatment is available or released.

Finally, we are not unaware of the decision in *People ex rel. Ward* v. *Jackson* (286 App. Div. 942, affd. 3 N Y 2d 1020). It is unclear whether the Court of Appeals passed on the point on which our decision turns. Under the circumstances, we deem the issue not foreclosed by the affirmance in *Ward.*

The judgment should be reversed, on the law and the facts, without costs, and the writ sustained to the extent that the respondent should be directed to afford the relator treatment consistent with his sentence or, if such treatment not be readily available at Green Haven Prison, to transfer the relator to a

correctional institution where such treatment is available or to release him.

MARTUSCELLO, J. (dissenting). I dissent and vote to affirm the judgment for the reasons set forth in the opinion at Special Term.

CHRIST, Acting P. J., BRENNAN and RABIN, JJ., concur with BENJAMIN, J.; MARTUSCELLO, J., dissents and votes to affirm the judgment, with a memorandum.

Judgment reversed, on the law and the facts, without costs, and writ sustained to the extent that respondent is directed to afford the relator treatment consistent with his sentence or, if such treatment not be readily available at Green Haven Prison, to transfer the relator to a correctional institution where such treatment is available or to release him.