■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS MILLER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 26, 1971, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him to a prison term of three years. Judgment reversed, on the law and in the interests of justice, and case remanded to the Criminal Term for proceedings not inconsistent with the views herein set forth. Prior to accepting defendant's plea of guilty, the Trial Judge informed him he would consider the possibility of giving him a maximum three-year jail term to run concurrently with the time he owed on a prior reformatory term. The Judge stated further that defendant could withdraw his plea if, after reading the probation report, the Judge found he could not sentence defendant as tentatively promised. Subsequently, defendant pleaded guilty and was sentenced in accordance with the promise made by the Judge. The court which imposed sentence did so without knowledge of paragraph (c) of subdivision 2 of section 75.10 of the Penal Law, which prevented fulfillment of the sentence promise made to defendant. Section 75.10 (subd. 2, par. [c]) of the Penal Law specifically states that "When a person who is subject to a reformatory sentence of imprisonment imposed at a previous time is convicted of an additional crime in a court of this state and is sentenced therefor to a term of imprisonment in excess of one year, the reformatory

'sentence shall be affected in the following manner: * * * (ii) if the reformatory sentence was imposed for a felony, the state board of parole shall fix a termination date for the reformatory sentence, and the amount of time that remains to be served to satisfy such termination date shall be added to the maximum term of the new sentence to arrive at an aggregate maximum term." At the time of commission of the instant offense, defendant was on parole from Elmira Reception Center with time owed until October 28, 1972, upon a sentence resulting from the commission of a felony. Pursuant to section 75.10 (subd. 2, par. [c]) of the Penal Law, the Parole Board must fix a termination date for defendant's reformatory sentence. Such unexpired term must be added to the three-year maximum term imposed by the Trial Judge. Thus, by operation of law, defendant's three-year sentence cannot run concurrently with his unexpired reformatory term as promised by the sentencing court, but must run consecutively as provided by section 75.10 (subd. 2, par. [c]) of the Penal Law. Therefore, the case should be remanded to the Criminal Term to afford defendant an opportunity to change his plea or for modification of the sentence imposed so as to effectuate the promise made by the Trial Judge in accordance with the applicable provisions of section 75.10 (subd. 2, par. [c]) of the Penal Law. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.