■ THE PEOPLE OF THE STATE OF NEW YORK, v. ROBERT J. HAGIN, Defendant.— Motion to dismiss notice of appeal dated July 17, 1964, granted (see former Code Crim. Pro., § 535). Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL LOPEZ, Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2) for writ of habeas corpus denied as legally insufficient. The facts alleged by petitioner do not indicate that his present incarceration is illegal or that he is presently eligible for conditional release. The time owed on petitioner's 1966 reformatory sentence was properly added to the maximum term of the new sentence imposed in 1970 (Penal Law, § 75.10, subd. 2, par. [c], cl. [ii]). The two sentences cannot be served concurrently (*People* v. *Miller*, 38 A D 2d 745, 746). Petitioner's other contentions are likewise without merit. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.

■ ELBERT H. WATROUS, JR., as District Attorney of the County of Schenectady, Respondent, v. YORK VIEW THEATRE CORP., Doing Business as COLONY ART THEATRE, Appellant. Motion by appellant, pursuant to CPLR 5704 (subd. [a]), to vacate or modify ex parte order to show cause dated October 31, 1973. In our opinion, the statute upon which the underlying action is brought (CPLR 6330) contemplates an expeditious determination of respondent's right to injunctive relief (see *Kingsley Books* v. *Brown*, 354 U. S. 436, 440; *Heller* v. *New York*, 413 U. S. 483). Such a determination was not had herein and it should be made forthwith. Accordingly, the motion is granted, without costs, and the order is modified so as to provide that the temporary restraining provision shall become effective only in the event a hearing and determination on respondent's motion for a preliminary injunction is not had on or before November 20, 1973. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.

## (November 16, 1973)

■ In the Matter of NORMAN L. HESS for Reinstatement as an Attorney and Counselor at Law.— Petitioner, who was suspended from the practice of law for a period of three months by order of this court entered June 21, 1973, applies for reinstatement, stating that he has in all respects complied with the conditions of the suspension order. Application granted and petitioner reinstated as an attorney and counselor at law in good standing. Staley, Jr., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.