■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EDWARDS, Appellant.— Appeal (by permission) by defendant from an order of the Supreme Court, Queens County, dated October 1, 1973, which denied, without a hearing, his motion, pursuant to CPL 440.10, to vacate a judgment of conviction under which he had been sentenced to an indeterminate prison term not to exceed seven years, to run concurrently with a previous sentence upon a different conviction. Order reversed, on the law, and case remanded to Criminal Term for proceedings not inconsistent with the views herein set forth. In entering a plea of guilty of a class D felony, defendant was promised that the court would sentence him to an indeterminate term to run concurrently with the unserved portion of a reformatory term previously imposed for a felony. Pursuant to section 75.10 (subd. 2, par. [c], cl. [ii]) of the Penal Law, the Board of Parole must fix a termination date for defendant's reformatory sentence. Such unexpired term must be added to the seven-year maximum term imposed by the trial court. Thus, by operation of law, defendant's seven-year sentence cannot correctly run concurrently with his unexpired reformatory term as promised, and directed, by the sentencing court, but must run consecutively as provided in the above provision of the Penal Law. Therefore, the case must be remanded to the Criminal Term either to afford petitioner an opportunity to withdraw his guilty plea or for modification of the sentence in accordance with the above provision of the Penal Law (see *People* v. *Miller*, 38 A D 2d 745). Hopkins, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH FLORENCE, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Orange County, rendered February 13, 1973, committing him to an indeterminate prison term not to exceed five years, upon a conviction of criminal possession of a dangerous drug in the fifth degree, upon a guilty plea. Sentence reversed, on the law, and case remitted to the County Court for resentencing in accordance with the views herein set forth. Defendant was convicted of a class E felony and sentenced to a prison term with a five-year maximum. Section 70.00 (subd. 2, par. [e]) of the Penal Law, however, provides that the maximum term of an indeterminate sentence for a class E felony shall not exceed four years. Thus, the sentence imposed exceeds