■ In the Matter of STEVEN R. BALMER, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the New York State Board of Parole to modify the maximum expiration date of petitioner's sentence, the board appeals from a judgment of the Supreme Court, Nassau County, entered May 24, 1976, which directed it to remove the one year of reformatory delinquent time which had been added to petitioner's maximum expiration date. Judgment

affirmed, without costs or disbursements. The imposition of a special sentence on a young adult just because he is not yet 21 years old, when the conditions under which he is held are no different from those under which the ordinary prisoner serves, is in violation of the person's right to equal protection of the laws (see *United States ex rel. Sero v Preiser,* 506 F2d 1115, cert den 421 US 921). Since there is no longer any special rehabilitative treatment afforded to young adults sentenced to a reformatory, there is no longer any justification for the special sentences given to them (see *People ex rel. Meltsner v Follette,* 32 AD2d 389). Discrimination resulting in the deprivation of liberty must be strictly scrutinized and can only be justified by a reasonable relationship to a compelling State interest (see *People ex rel. Wayburn v Schupf,* 39 NY2d 682; *People v Butler,* 46 AD2d 422). No such relationship exists in New York to justify a reformatory sentence for a young adult under present circumstances (see *United States ex rel. Sero v Preiser, supra).* The reformatory sentence statute being unconstitutional, the addition of reformatory delinquent time to petitioner's new sentence violates his right to equal protection of the laws. In light of the decision in *United States ex rel. Sero v Preiser (supra),* the determinations made in *People v Miller* (38 AD2d 745) and *People v Edwards* (45 AD2d 743) are no longer relevant. Latham, Acting P. J., Damiani and Shapiro, JJ., concur; Titone, J., dissents and votes to reverse the judgment and dismiss the proceeding, with the following memorandum, in which Cohalan, J., concurs: I do not agree with the majority's view that, because there is no longer any special rehabilitative treatment afforded to young adults sentenced to a reformatory, the addition of reformatory delinquent time to petitioner's new sentence violates the equal protection of the laws. The record reveals that on March 1, 1972 petitioner was convicted of robbery in the third degree and was sentenced, under the provisions of former article 75 of the Penal Law, as a young adult, to a State reformatory for a term of up to four years. He was paroled from that sentence on October 1, 1973. On November 6, 1974, while on parole, petitioner was convicted of the crime of attempted burglary in the third degree. Since his prior conviction was as a young adult rather than as a youthful offender, the court sentenced him as a prior felony offender. It specifically ordered that the sentence of one and one-half to three years run concurrently with the previously imposed reformatory sentence from which petitioner was then on parole. On February 13, 1975 the Parole Board added one year of delinquent time to the maximum expiration date of petitioner's sentence, the effect of which was to change his maximum expiration date from July 19, 1977 to July 19, 1978. The Parole Board justified such action under former section 75.10 of the Penal Law, which was repealed by section 7 of chapter 652 of the Laws of 1974, effective May 30, 1974 (except for sentences imposed prior to the effective date). Under former section 75.10 (subd 2, par [c], cl [ii]) of the Penal Law, where a person serving a previously imposed reformatory sentence for a felony was convicted of an additional crime in this State, the Parole Board was empowered, *inter alia,* to fix the amount of time to be served on the reformatory sentence and to add it to the maximum time of the new sentence in order to arrive at an aggregate maximum term. In my opinion, the position taken by the majority, that since there is no longer any special rehabilitative treatment accorded to young adults sentenced to a reformatory there is no justification for the addition of the delinquent time to petitioner's new sentence, is untenable. It ignores the fact that, at the outset, in return for being subject to having delinquent reformatory time added to any new sentence, petitioner obtained

a benefit in that he received an indeterminate four-year reformatory sentence, the maximum punishment that could have been imposed upon him as a young adult (Penal Law, former § 75.15, subd 1). Had he been an adult at that time, under a conviction of robbery in the third degree (a class D felony) he would have been exposed to a maximum seven-year prison term. A further *quid pro quo* in receiving young adult treatment at that time, was the fact that petitioner was eligible for immediate parole at the time of sentence, whereas an adult in the same situation, whose minimum sentence is not fixed, must serve a minimum period of nine months to one year before he could be considered for parole (see Correction Law, § 212, subd 2). I do not agree with Special Term's contention that *United States ex rel. Sero v Preiser* (506 F2d 1115, cert den 421 US 921) is dispositive of this case. In *Sero,* the Second Circuit held that former article 75 of the Penal Law was unconstitutional in that young adult misdemeanants were subject to lengthier sentences than were being imposed upon adult misdemeanants, without providing them a *quid pro quo* of special rehabilitative treatment. To uphold article 75 in that situation, reasoned the Federal court, would mean that a young adult misdemeanant sentenced pursuant to it could be confined for four years in the same institution, with the same rehabilitative program, as an adult misdemeanant whose term under the law could not exceed three months to one year. In contradistinction, in the instant case, the petitioner, as a young adult, was exposed to a four-year maximum sentence for his conviction of a felony, whereas, had he been adult at the time, he could have received a maximum seven-year prison term. Accordingly, I vote to reverse the judgment and uphold the expiration date of July 19, 1978, as set by the New York State Parole Board (cf. *People v Edwards,* 45 AD2d 743; *People v Miller,* 38 AD2d 745).