Louis B. Scheinman, J.
This is an article 78 proceeding wherein petitioner, an inmate at the Woodbourne Correctional Facility, seeks an order requiring respondent to modify his maximum expiration date of incarceration by removing the one year of reformatory delinquent time which has been added thereto by reason of his most recent conviction. Although this proceeding was originally commenced as an article 78 proceeding by petitioner pro se, his present counsel erroneously refers in his papers to this proceeding as a writ of habeas corpus. This court will disregard this error.
The facts are not in dispute and are set forth as follows:
On January 9, 1973, petitioner was convicted of attempted robbery in the second degree (a class C felony) and sentenced to a State reformatory term of imprisonment, i.e., an indeterminate term not to exceed four years. On May 20, 1974, he was paroled and on February 10, 1975, convicted of criminal possession of a weapon in the third degree (class D felony) and sentenced to a two- to four-year term of imprisonment as a second felony offender. The court, upon said latter sentencing, provided that its sentence "run concurrent with prior undischarged term that may have to be served”.
On April 22, 1975, the Parole Board added one year of delinquent time from the reformatory sentence to the maximum expiration date of new sentence, pursuant to section 75.10 (subd 2, par [c], cl [ii]) of the Penal Law. The statute was repealed in 1974, except for acts committed prior to the effective date of the repeal.
Petitioner claims the said addition of delinquent time to be contrary to law, seeking its removal, upon two separate grounds.
The first basis argued by petitioner is that since the decision of the United States Court of Appeals, Second Circuit, in the case of United States ex rel. Sero v Preiser (506 F2d 1115, cert den 421 US 921), which held the reformatory sentencing provisions of article 75 of the Penal Law of New York unconstitutional as a denial of equal protection, that the addition of delinquent time here, part of said article, is thereby also *261 constitutionally defective. In support of this argument, petitioner cites the recent holding of the Appellate Division, Second Department, in the case of Balmer v New York State Bd. of Parole (54 AD2d 979), where, in a fact situation practically identical to the case at bar, the majority of said court affirmed an order directing the Board of Parole to remove an added one year of reformatory delinquent time.
This court has examined Sero (supra) and Balmer (supra) and does not deem it appropriate to follow the holding of the learned majority in Balmer.
The majority of Balmer relied solely upon Sero (supra), also referring to People ex reí. Meltsner v Folíete (32 AD2d 389, a case dealing with the transfer of an inmate from the Elmira Reformatory to Green Haven Prison).
However, it appears in Sero (supra), the court did not hold article 75 to be unconstitutional, but merely held the sentencing provisions therein to be unconstitutionally applied to young adult misdemeanants to lengthier sentences in the reformatory than were being imposed upon adult misdemeanants subject to a maximum of one-year imprisonment, upon the grounds that there were no longer any rehabilitative programs or facilities for young adults in the reformatory. The court thus found, there being no quid pro quo for lengthier sentences to young adults, that a reformatory sentence to a young adult misdemeanant subjecting him to the possibility of a four-year period of incarceration was a denial of the equal protection of the laws.
As pointed out by the dissenting Justices in Balmer (supra), Sero should not be held applicable in a case of a young felony offender convicted of a class D felony.
In the case at bar, petitioner had been sentenced to the reformatory in 1973 upon his conviction for a class C felony, whereby he subjected himself to a 15-year penitentiary sentence, and his having been sentenced to the reformatory on a zero to four indeterminate sentence constituted an adequate quid pro quo. As also pointed out by the dissenting Justices in Balmer, there was a further quid pro quo, as in the case here, in that petitioner was eligible for immediate parole at the time of sentence, whereas an adult in the same situation whose minimum is not fixed must serve a minimum period of from nine months to one year before he could be considered for parole.
In a recent case in this judicial district and department, *262 Matter of Valentine v Hartley (Supreme Ct, Albany County) decided by Mr. Justice Ellis J. Staley, Jr., on June 8, 1976, after the decision in Sero, and under similar facts, the addition of the one-year delinquency time was held to be in conformity with statutory requirements.
The second ground urged upon by petitioner is that section 70.25 of the Penal Law, which gives to the sentencing court the power to make any indeterminate sentence run concurrently with any other undischarged term of imprisonment, is inconsistent with section 75.10 of the Penal Law which provides for the additional delinquency time in this case and that, under the legislative scheme and intent, section 70.25 should prevail.
With respect to this argument, we not only have, in this department, Valentine (supra), but also People ex rel. Lopez v La Vallee (43 AD2d 647). (See, also, People v Edwards, 45 AD2d 743, and People v Miller, 38 AD2d 745.)
Accordingly, the petition is dismissed.