OPINION OF THE COURT
Robert E. Fischer, J.
Petitioner on this writ of habeas corpus seeks release from confinement at the Elmira Correctional Facility and remand to the custody of the Board of Corrections of the State of Alabama for service of a previously irpposed sentence in that jurisdiction.
The record facts of this matter are not in dispute.
*273 On May 17, 1976, petitioner, then 17 years of age, was sentenced to a term of 25 years imprisonment in the State of Alabama after pleading guilty to four counts of armed robbery.
On August 10, 1977, petitioner escaped from the penitentiary in Alabama and on November 22, 1977, a warrant for his escape was issued in Madison County, Alabama.*
Thereafter, petitioner came to New York State and after working over a year committed various robberies with a toy pistol, the result of which was his arrest in January, 1979, and indictments in Suffolk County for the crimes of robbery in the first degree (Indictment No. 198-79) and robbery in the second degree (Indictment No. 71-79), both felonies.
On March 1, 1979, petitioner entered pleas of guilty to those indictments in full satisfaction of all outstanding charges. During the proceedings, the Presiding Judge (Honorable Robert W. Doyle, Suffolk County Judge) noted the discussions had as to sentencing with the District Attorney’s office and defense counsel and the understanding "that the term of imprisonment [to be] imposed by this court would run concurrently with the term of imprisonment [petitioner] is presently sentenced to in the State of Alabama.”
On March 30, 1979, petitioner was sentenced to an indeterminate term of 6 to 12 years (on Indictment No. 71-79) and an indeterminate term of 8 to 16 years (on Indictment No.198-79), the setences to "run concurrently as to each other” and to "run concurrently to the sentence which has been imposed in the State of Alabama, wherein this defendant was sentenced on May 17, 1976”. The court further noted that since defense *274 counsel (Legal Aid Society) was "attempting to make arrangements to have [petitioner] transported to Alabama”, it was directed that petitioner "be detained in the Suffolk County Jail for a period of two weeks, rather than being transported upstate [to the Elmira Correctional Facility]”.
Petitioner, however, was never delivered to the custody of the Alabama authorities and instead was received at the Elmira Correctional Facility on April 18, 1979, along with the court’s written commitments on both sentences. Those commitments noted the concurrent running of the sentences with each other and with the Alabama sentence and concluded: "Defendant remanded to the custody of the Sheriff for transportation to Alabama.”
Having been advised at the time of sentencing of his right to appeal from those sentences and that, if he desired to do so, he had to notify the Legal Aid Society "immediately”, petitioner apparently requested appellate review and notices of appeal to the Appellate Division, Second Department, dated April 4, 1979, were filed, the Legal Aid Society being assigned by that court on May 31, 1979, to prosecute the appeal. We were advised on oral argument that the appeal is not scheduled to be heard until late summer of this year; that the appeal is premised, in part, upon the failure of the New York Corrections Department to deliver petitioner to the Alabama authorities so that he might serve his sentence in that jurisdiction in compliance with the Suffolk County Court’s direction; and that petitioner requested direction of the appellate court for such relief, as well as review and reduction of the New York sentences imposed.
The procedural aspects of writs of habeas corpus (US Const, art I, § 9; NY Const, art I, § 4) in this jurisdiction are governed by CPLR article 70 which requires us to inquire into whether "[a] person [is] illegally imprisoned * * * within the state” (CPLR 7002, subd [a]) and to direct his discharge "forthwith” unless "another person is * * * entitled” to detain him (CPLR 7010, subd [a]). The writ, therefore, may be sustained without "absolute discharge” (People ex rel. Meltsner v Follette, 32 AD2d 389, 391) and is available when a prisoner is confined in the wrong State penal institution contrary to the sentencing court’s commitment (People ex rel. Saia v Martin, 289 NY 471, 477). "Moreover, it is now well settled that prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner and that they cannot add to or *275 detract therefrom” (Middleton v State of New York, 54 AD2d 450, 452, affd on opn in App Div 43 NY2d 678).
While the issue now presented might become the subject of the pending appellate review, such will not occur until later this year. If, therefore, petitioner’s present place of incarceration has and will result in a longer term of imprisonment in this or any other jurisdiction, contrary to the Suffolk County Judge’s commitment order, this " 'greatest of all writs’ * * * must take precedence over considerations of procedural orderliness and conformity” (People v Schildhaus, 8 NY2d 33, 36) "by reason of practicality and necessity” (People ex rel. Keitt v McMann, 18 NY2d 257, 262).
In view of the foregoing, and in consideration of the " 'great flexibility and vague scope’ ” of the writ (People ex rel. Keitt v McMann, supra, at p 263), we are duty bound to inquire whether petitioner’s detention in the Elmira facility is illegal and, if so, fashion a remedy to correct this inequity.
Analysis of the commitment papers reflects that the printed portion directed delivery of the petitioner to the reception center at Elmira "there to be dealt with in accordance with the laws pertaining to his sentence”, while the typed portion directed remand of the petitioner "to the custody of the Sheriff for transportation to Alabama.” While we do not perceive those directions as inconsistent, should we view the results of the plea bargained agreement as a contract (cf. People v Esposito, 32 NY2d 921), it is apparent that the typed portion should be given the "greater effect” since such "words are the immediate language and terms selected by the parties themselves for the expression of their meaning, while the printed form is intended for general use without reference to particular objects and aims” (10 NY Jur, Contracts, § 218).
It is fully apparent that it was the intention of the County Judge as well as the contesting parties, that the New York sentences should run concurrently with each other and with the lengthier Alabama term, and that in order to afford the desired result, transfer to the Alabama authorities had to be effectuated since "Alabama sentences cannot run concurrent to other state sentences at this present time”. We also note that although earlier New York statutes were similar to those in Alabama, ameliorating legislation in effect at the time of sentence (L 1975, ch 782) authorized the sentencing court to "return * * * the defendant to the custody of the appropriate official of the other jurisdiction” to serve his undischarged *276 sentence in the sister State without interrupting the running of the New York sentences (Penal Law, § 70.20, subd 3 and allied provisions; see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, 1979-1980 Supplement, Penal Law, § 70.20, pp 106-107 as to statutory purpose).
We conclude, therefore, that the commitment of the petitioner by the Sentencing Judge to the Sheriff for his transportation to the State of Alabama and remand to the Alabama Board of Corrections was lawful and binding, and that petitioner’s prior, present and continued detention in the Elmira facility is illegal and in violation of petitioner’s rights.
Although we have both the power and the duty to correct the error which results in petitioner serving a longer term than intended or required by the Sentencing Judge in this State, it is not within our authority to fully correct the inequity. Under these unique circumstances such must be left to the consideration of the Board of Corrections and the courts of the State of Alabama upon proper application to those authorities.
Since, as noted, absolute discharge under these conditions is not a requirement to the granting of the writ, we must determine the practical mechanism for the required relief. In this respect we are greatly assisted by the Alabama authorities, who advise: "As soon as the State of New York notifies the State of Alabama that Inmate Harbin is ready to be transported back to Alabama, arrangements will be made for such transfer.”
In view of the preferred co-operation of the Alabama authorities we believe there is no present need to remand petitioner to the custody of the Suffolk County Sheriff for compliance with the original commitment. Rather, we deem it more expedient for petitioner to presently remain in the custody of respondent at the Elmira facility and for respondent to forthwith notify the Alabama authorities that petitioner is available for removal to their custody. So that there be no misunderstanding, we note that such direction is undertaken to fulfill the mandate of the Suffolk County Judge and not pursuant to any detainers on file. Respondents are further to take such action as may be necessary to facilitate such transfer, including transporting petitioner to any place in the State of New York as may be requested by the receiving Alabama authorities to ease their task of transportation (cf. People v Brown, 63 AD2d 988). If, within 30 days after service *277 of the order to be entered herein petitioner has not been returned to the State of Alabama, petitioner is to be remanded to the custody of the Sheriff of Suffolk County to permit petitioner to apply to the Suffolk County Court for vacation of the earlier sentence and resentencing.
Counsel for petitioner to submit order in accordance with this decision. In addition to service on respondents, he is to furnish copies of this decision and the order to be entered hereon to the Honorable Robert W. Doyle, Suffolk County Judge, as well as the Suffolk County District Attorney, the Suffolk County Sheriff and the Board of Corrections of the State of Alabama.

 When petitioner was arrested on the charge which resulted in his present incarceration, copies of the escape warrant and indictment were sent on January 7, 1979, by the Sheriff of Madison County, Alabama, to the "Fusuffolk New York County Police Dept.” in Yaphank, New York, with a request that the warrant "be lodged as a detainer” of petitioner. The Sheriff further noted that if petitioner would sign a waiver, the Sheriff would make arrangements to return him to Madison County, or otherwise seek his extradition to Alabama. After petitioner’s incarceration in the Elmira Correctional Facility, a detainer was apparently filed in that institution as well, and on May 24, 1979, petitioner waived extradition on that charge and requested final disposition in Alabama. No action has been taken to date on this detainer, and it is presently the subject of a CPLR article 78 proceeding returnable in this court on May 13, 1980, pursuant to a show cause order which we executed on April 29, 1980. We have recited some of the third-party record facts set forth in that petition in view of the inability of the Attorney-General’s office in this proceeding to advise us as to the reason the Suffolk County Court’s mandate on the commitment was not complied with.