■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND Y., Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 20, 1984, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was indicted for one count of the crime of vehicular manslaughter and four counts of vehicular assault. After plea negotiations, defendant pleaded guilty to the crimes of vehicular manslaughter and operating a motor vehicle while

under the influence of alcohol (driving while intoxicated) in satisfaction of the indictment. Pursuant to the detailed and fully explained terms of the plea agreement, defendant was adjudicated a youthful offender with respect to the crime of vehicular manslaughter only. Defendant received the bargained-for sentence of one year in the Ulster County Jail with respect to the crime of vehicular manslaughter. He was sentenced to a concurrent term of 60 days' imprisonment for his conviction for the crime of driving while intoxicated.

On appeal, defendant contends that the jail term imposed was harsh and excessive and constitutes cruel and unusual punishment. We have carefully reviewed the record and presentence report and fail to find that County Court abused its discretion. Indeed, the sentence imposed showed leniency toward defendant and was the sentence specifically negotiated.

Defendant next asserts that County Court erred in failing to grant youthful offender status to both counts upon which defendant pleaded guilty. A review of the record reveals that County Court fully explained to defendant that an integral part of the negotiated plea was that he would not be given youthful offender status on the driving while intoxicated charge. Defendant, with the aid of counsel, acknowledged and agreed to this provision of the negotiated plea.* Since the lack of a youthful offender adjudication on the driving while intoxicated charge was clearly an integral part of defendant's plea and defendant has not raised the instant issue by motion to vacate or otherwise in a postjudgment motion, defendant's argument has not been preserved for our consideration *(see, People v Bell,* 47 NY2d 839, 840). Defendant may of course seek to vacate his plea pursuant to CPL article 440 *(cf. Matter of Campbell v Pesce,* 60 NY2d 165; *People v Pellegrino,* 91 AD2d 942, *affd* 60 NY2d 636; *People v Edwards,* 45 AD2d 743). The judgment should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.

---

* Defendant's appellate attorney is the same attorney who represented defendant at County Court.