■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOICE WHEELER, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered July 7, 1980, upon resentence, convicting him of burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment upon resentence reversed, as a matter of discretion in the interest of justice, and case remanded to the County Court, Orange County, for proceedings consistent herewith. Prior to the court's accepting the defendant's guilty plea, the prosecutor pointed out that the defendant was a second felony offender and recommended that the sentence run concurrently with any parole time owed on a prior conviction. Following the defendant's plea allocution, the court accepted the plea and thereafter sentenced him to a prison term of from three and one-half to seven years, to run concurrently with the time remaining on the prior sentence. Subsequently, the Department of Correction informed the court that the sentence was illegal because it could not run concurrently with the parole time owed. Accordingly, the court vacated the sentence and resentenced the defendant to the same term, but this time to run consecutively to the prior sentence. However, the court did not inform the defendant that he could withdraw his plea of guilty and proceed to trial. The defendant argues that the court should have offered him the opportunity to withdraw his plea. The defendant is correct (see *People v Bullard,* 84 AD2d 845). The matter is remanded to the County Court, Orange County, to afford the defendant an opportunity, if he be so advised, to change his plea (see *People v Miller,* 38 AD2d 745). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.