■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY A. LUDDINGTON, JR., Appellant. [773 NYS2d 698]—Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 18, 2002. Defendant was resentenced upon his conviction of attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon his conviction following his plea of guilty to attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]). Defendant agreed to plead guilty in exchange for a promised sentence of a three-year determinate term of incarceration and a three-year period of postrelease supervision, and he was originally sentenced accordingly. County Court later resentenced defendant, however, to an indeterminate term of incarceration of 2 to 4 years and 5 years of postrelease supervision because the original sentence was illegal. The contentions of defendant that the plea was not voluntarily, knowingly, and intelligently entered and that he was denied effective assistance of counsel during plea negotiations are not reviewable by this Court on appeal from the resentence (*see* CPL 450.30 [3]; *see generally People v Matthews,* 306 AD2d 863, 864 [2003]; *People v Ferrin,* 197 AD2d 882, 882-883 [1993], *lv denied* 82 NY2d 849 [1993]). Defendant failed to preserve for our review his contention that he did not receive the benefit of his plea bargain as a

result of the resentence (*see People v Headley*, 219 AD2d 857 [1995], *lv denied* 88 NY2d 848 [1996]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.