■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SERRANO, Also Known as ANTONIO RAMIREZ, Appellant. [800 NYS2d 647]—

Appeal by the defendant, as limited by his motion, from so much of a sentence of the Supreme Court, Kings County (Firetog, J., at plea; Ferdinand, J., at sentence), imposed April 21, 2004, as, upon sentencing him to concurrent determinate terms of five years' imprisonment upon his conviction of robbery in the first degree, and one-year imprisonment upon his conviction of attempted grand larceny in the fourth degree, upon his plea of guilty, further required him to serve a period of post-release supervision of $3^{1}/_{2}$ years.

Ordered that the sentence is modified, on the law, by reducing the period of post-release supervision from $3^{1}/_{2}$ to 3 years; as so modified, the sentence is affirmed insofar as appealed from.

In full satisfaction of the indictment in his case, the defendant pleaded guilty to robbery in the first degree and attempted grand larceny in the fourth degree. The Supreme Court promised that in the event the defendant successfully completed a drug treatment program, it would allow him to withdraw his plea to the robbery count, and would sentence him to a conditional discharge on the remaining count. The Supreme Court further advised the defendant that in the event he did not successfully complete the drug treatment program, he would receive concurrent sentences of five years on the top count, and one year on the other count. The court also advised the defendant that in the latter event, he would receive a three-year period of post-release supervision.

The defendant did not successfully complete the drug treatment program. At sentencing, the Supreme Court imposed the five-year and one-year terms of imprisonment, as promised. However, rather than impose the promised three-year period of post-release supervision, the court imposed a period of $3^1/2$ years. The People concede that a "ministerial error" was made, and do not oppose a reduction in the defendant's period of post-release supervision, to the period the court promised at the time the defendant entered his plea.

A plea of guilty "induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]). In light of that principle, and the People's position, we modify the period of post-release supervision the defendant must complete, to three years.

The defendant's additional contention that the circumstances of this case justify a further reduction in the period of post-release supervision, to $2^1/2$ years (*see* Penal Law § 70.45 [2]), is without merit. Prudenti, P.J., H. Miller, Crane, Ritter and Fisher, JJ., concur.