■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENGELS SOSA-RODRIGUEZ, Appellant. [880 NYS2d 709]—

Appeals by the defendant from two judgments of the County Court, Suffolk County (Braslow, J.), both rendered May 16, 2006, convicting him of attempted criminal sale of a controlled substance in the third degree under indictment No. 01703/05, and burglary in the third degree under Superior Court information No. 02115/05, upon his pleas of guilty, and sentencing him to a determinate term of imprisonment of eight years plus three years of postrelease supervision upon the conviction of attempted criminal sale of a controlled substance in the third degree and an indeterminate term of imprisonment of 2 to 4 years upon the conviction of burglary in the third degree, both sentences to run consecutively.

Ordered that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.

The defendant was convicted, upon his pleas of guilty, of attempted criminal sale of a controlled substance in the third degree and burglary in the third degree. The County Court promised the defendant a sentence consisting of a determinate $2\frac{1}{2}$-year term of imprisonment plus a two-year period of postrelease supervision on the conviction of attempted criminal sale of a controlled substance in the third degree (hereinafter the controlled substance conviction), and a concurrent indeterminate term of imprisonment of 2 to 4 years on the conviction of burglary in the third degree (hereinafter the burglary conviction). The court advised the defendant, inter alia, that if he failed to appear for sentencing, he would be sentenced to a determinate term of imprisonment of eight years on the controlled substance conviction, to run consecutively to the sentence imposed on the burglary conviction, but it did not advise the defendant that the postrelease supervision component of the sentence would be enhanced. After the defendant failed to appear on the date scheduled for sentencing and was returned on a warrant, the County Court imposed the determinate term of imprisonment of eight years plus a three-year period of postrelease supervision with respect to the controlled substance conviction, and an indeterminate term of imprisonment of 2 to 4 years with respect to the burglary conviction, to run consecutively.

In exchange for his pleas of guilty, the defendant was promised that his sentence on the controlled substance conviction would consist of a $2\frac{1}{2}$-year term of imprisonment plus a two-year period of postrelease supervision, and that if he failed to appear

for sentencing, the imprisonment component of the sentence would be increased to eight years, and would run consecutively to the sentence imposed on the burglary conviction. Since, in addition to the promised enhancements, the postrelease supervision component of that sentence was increased from two years to three years, the defendant did not receive the bargained-for sentence.

Accordingly, we vacate the sentence imposed on the controlled substance conviction, as well as the inextricably intertwined sentence imposed on the burglary conviction, and remit the matter to the County Court, Suffolk County, to allow the County Court to (1) impose the promised sentences, which, in light of the defendant's failure to appear for sentencing, consist of a determinate term of imprisonment of eight years, plus a two-year period of postrelease supervision on the controlled substance conviction, and an indeterminate term of imprisonment of 2 to 4 years on the burglary conviction, to run consecutively, (2) afford the defendant the opportunity to accept the previously-imposed sentences, including the enhanced period of postrelease supervision, or, (3) in the absence of either of those results, permit the defendant to withdraw his pleas of guilty (*see People v Selikoff*, 35 NY2d 227 [1974], *cert denied* 419 US 1122 [1975]; *People v Rossetti*, 55 AD3d 637 [2008]; *People v Kegel*, 55 AD3d 625 [2008]; *People v Rubendall*, 4 AD3d 13, 20 [2004]). Spolzino, J.P., Covello, McCarthy and Belen, JJ., concur.