■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ROBINSON, Appellant. [902 NYS2d 394]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered January 28, 2009, convicting him of criminal sale of a controlled substance in or near school grounds (two counts), criminal sale of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and unlawful possession of marijuana, upon a jury verdict, and sentencing him to concurrent determinate terms of nine years imprisonment on all counts except the unlawful possession of marijuana count and time served on the unlawful marijuana possession count, a period of five years' postrelease supervision, and a fine in the sum of $1,000.

Ordered that the judgment is modified, on the law, by reducing the period of postrelease supervision from a period of five years to a period of three years; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally

insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence of imprisonment imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). However, as the People correctly concede, the term of postrelease supervision imposed exceeds the statutorily authorized maximum, and it therefore must be reduced to the extent indicated herein (*see* Penal Law § 70.45 [2] [d]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.