■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK TONEY, Appellant. [983 NYS2d 797]—

Judgment of resentence, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 26, 2011, resentencing defendant, as a second violent felony offender, to concurrent terms of 13 years, with five years' postrelease supervision, unanimously affirmed.

Defendant's challenge to the voluntariness of his underlying 2001 plea may not be raised on this appeal from a judgment of resentence (see People v Jordan, 16 NY3d 845 [2011]; see also CPL 450.30 [3]). Although defendant asserts that he is challenging the resentencing itself as violating due process, that claim is without merit (see People v Lingle, 16 NY3d 621 [2011]). Essentially, defendant is only challenging his 2001 plea of guilty, asserting that the court's explanation of the promised sentence was defective under People v Catu (4 NY3d 242 [2005]). In any event, the only remedy sought by defendant is the removal of postrelease supervision from his sentence, which he characterizes as specific performance of his original plea bargain. However, a Catu violation would not entitle defendant to specific performance (see People v Jones, 101 AD3d 440 [2012], lv denied 20 NY3d 1100 [2013]). Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.

■ PJ HANLEY'S CORP., Appellant, v KIWI PUB CORP., Respondent. [983 NYS2d 797]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 15, 2013, which denied plaintiff's motion for a Yellowstone injunction, unanimously affirmed, without costs.

Plaintiff's failure to seek a stay of the order denying its motion for nearly six months after the order was issued, during which time the cure period expired, plaintiff's sublease was terminated, and a holdover proceeding was commenced, bars appellate relief (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 637 [1968]; 166 Enters. Corp. v I G Second Generation Partners, L.P., 81 AD3d 154, 159 [1st Dept 2011]). It is therefore unnecessary to consider plaintiff's other arguments. Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ.