Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered May 10, 2012, convicting him of robbery in the first degree (two counts), robbery in the second degree, burglary in the first degree (two counts), and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s waiver of his right to appeal was valid. At the plea allocution, the Supreme Court sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (see People v Ramos, 7 NY3d 737, 738 [2006]; cf. People v Bradshaw, 18 NY3d 257, 259-260 [2011]).
The defendant’s valid waiver of his right to appeal precludes appellate review of his challenges, in effect, to the hearing court’s suppression determination (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Oseni, 107 AD3d 829, 829 [2013]; People v Hackett, 93 AD3d 807, 807 [2012]), and his claim that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 258 [2006]; People v Rivera, 97 AD3d 704, 704 [2012]).
Although a claim that a plea of guilty was not knowing, voluntary, and intelligent survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1 [1989]; People v Santiago, 71 AD3d 703, 704 [2010]), the defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (see CPL 220.60 [3]; 470.05 [2]; People v Toxey, 86 NY2d 725, 726 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Oseni, 107 AD3d at *821 829; People v McKenzie, 98 AD3d 749, 750 [2012]). In any event, the contention is without merit.
Balkin, J.E, Chambers, Cohen and Duffy, JJ., concur.