■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DONOFRIO, Appellant. [1 NYS3d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 9, 2013, convicting him of burglary in the second degree (three counts), upon his plea of guilty, and sentencing him to concurrent determinate terms of 10 years of imprisonment on all counts, and a period of seven years of postrelease supervision with respect to each count.

Ordered that the judgment is modified, on the law, by reducing the period of postrelease supervision of seven years to five years with respect to each count; as so modified, the judgment is affirmed.

The minutes of the defendant's plea proceeding reveal that the court promised the defendant that it would impose a 10-year term of imprisonment for each of three counts of burglary in the second degree, with the sentences to be served concurrently to each other, plus a five-year period of postrelease supervision with respect to each count. However, at the sentencing hearing on January 9, 2013, although the court imposed the promised 10-year concurrent sentences, it imposed a period of seven years of postrelease supervision. As the People correctly concede, not only did this seven-year postrelease supervision period deviate from the earlier promise, it also exceeded the statutory maximum period of five years (*see* Penal Law § 70.45). Accordingly, the period of postrelease supervision with respect to each count must be reduced to the extent indicated herein (*see People v Robinson*, 74 AD3d 1103 [2010]; *People v Serrano*, 21 AD3d 970 [2005]).

The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination (*see People v Kemp*, 94 NY2d 831 [1999]; *People v Persaud*, 118 AD3d 820 [2014]) and of his claim that the agreed-upon sentence was excessive (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Arias*, 100 AD3d 914, 915 [2012]; *People v Hawthorne*, 85 AD3d 819 [2011]). Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.