THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WOLFOLK, JR., Appellant. [20 NYS3d 912]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered February 25, 2014, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

At the time of the plea, the defendant was promised a sentence that included a period of 1½ years of postrelease supervision. At the time of sentencing, the Supreme Court imposed a sentence that included a period of 2½ years of post-release supervision without first notifying the defendant that the promise of 1½ years of postrelease supervision would not be honored (*see People v Crowder*, 24 NY3d 1134 [2015]; *People v McAlpin*, 17 NY3d 936, 938 [2011]). As the People correctly concede, the Supreme Court's failure to advise the defendant at the time of the plea that his sentence would include a 2½-year period of postrelease supervision prevented his plea from being knowing, voluntary, and intelligent (*see People v Catu*, 4 NY3d 242, 245 [2005]; *People v Fuertes*, 105 AD3d 974, 974 [2013]; *People v Campbell*, 102 AD3d 979 [2013]; *People v Weichow*, 96 AD3d 883, 884 [2012]). Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the Supreme Court, Nassau County, for further proceedings (*see People v Fuertes*, 105 AD3d at 974; *People v Weichow*, 96 AD3d at 884).

In light of our determination, we need not reach the defendant's remaining contention. Hall, J.P., Austin, Roman and Barros, JJ., concur.