■ The People of the State of New York, Respondent, v James A. Rohan, Appellant. [41 NYS3d 717]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Murphy, J., at plea; Ford, J., at sentencing), rendered October 23, 2014, convicting him of attempted assault in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

As the People correctly concede, the defendant's conviction of assault in the third degree and the sentence imposed thereon must be vacated. In June 2013, the defendant pleaded guilty to attempted assault in the second degree and assault in the third degree. Pursuant to the plea agreement, the defendant was

advised that if he failed to complete a Mental Health Court program, the court would sentence him to a term of imprisonment on his plea of guilty to attempted assault in the second degree, and that his plea of guilty to assault in the third degree would be vacated. The defendant did not successfully complete the program. At sentencing, however, instead of vacating the defendant's plea of guilty to assault in the third degree, the County Court sentenced the defendant to a term of imprisonment upon that plea, to run concurrently with the term of imprisonment imposed on his conviction of attempted assault in the second degree.

"[A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241 [1974]; *see People v Serrano*, 21 AD3d 970, 971 [2005]). Accordingly, we vacate the defendant's conviction of assault in the third degree and the sentence imposed thereon. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.