People v Robinson (2018 NY Slip Op 02490)





People v Robinson


2018 NY Slip Op 02490


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-08909
 (Ind. No. 14-00539)

[*1]The People of the State of New York, respondent,
v
Jason Robinson, appellant.


Michele Marte-Indzonka, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Elizabeth L. Schulz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the County Court, Orange County (Robert H. Freehill, J.), imposed August 20, 2015, which, upon his conviction of criminal sale of a firearm in the third degree under Indictment No. 14-00539, upon his plea of guilty, imposed a period of five years of postrelease supervision in addition to the determinate term of imprisonment previously imposed on the conviction of criminal sale of a firearm in the third degree.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.
The defendant was charged under two separate indictments for various crimes that allegedly occurred on two separate dates. The defendant subsequently agreed to plead guilty to criminal sale of a controlled substance in or near school grounds under Indictment No. 14-00077, and criminal sale of a controlled substance in the third degree and criminal sale of a firearm in the third degree under Indictment No. 14-00539.
In return for these pleas of guilty, the County Court promised to impose determinate terms of 5 years' imprisonment on all three convictions. The court noted that the defendant would receive concurrent periods of postrelease supervision in addition to the terms of imprisonment, indicating that he would receive periods of postrelease supervision that were between 1½ and 3 years. The court further promised to direct that all sentences would run concurrently with each other. In response to an inquiry by the defendant, the court stated that the proposed disposition would "cover all counts in both indictments," as well as two other alleged drug sales for which the defendant had not been charged.
The defendant pleaded guilty on November 17, 2014. When he appeared for sentencing on December 16, 2014, the County Court informed him that it could not keep its sentencing promise because it was required to run the sentence of imprisonment under Indictment No. 14-00077 consecutively with the sentences of imprisonment imposed under the other indictment. Without specifying the enhanced sentence, the court stated that it would reduce the terms of imprisonment in an attempt to approximate the total aggregate sentence that it had promised.
The defendant, through his attorney, did not consent to the enhanced sentence. The defendant's attorney argued that the defendant was entitled to the sentence that was originally promised.
The court did not give the defendant an opportunity to withdraw his guilty pleas. Rather, it proceeded to sentence the defendant to (1) a determinate term of three years' imprisonment plus two years of postrelease supervision on the conviction under Indictment No. 14-00077, and (2) concurrent determinate terms of three years' imprisonment plus two years of postrelease supervision on the conviction of criminal sale of a controlled substance in the third degree, and four years' imprisonment plus two years of postrelease supervision on the conviction of criminal sale of a firearm in the third degree under Indictment No. 14-00539.
The County Court directed that the terms of imprisonment imposed under Indictment No. 14-00539 were to run consecutively with the term of imprisonment imposed under Indictment No. 14-00077. The court also directed that the periods of postrelease supervision imposed under Indictment No. 14-00539 were to run concurrently with the period of postrelease supervision imposed under Indictment No. 14-00077. The defendant did not appeal from either of the judgments entered under the two indictments.
On August 20, 2015, the defendant was resentenced on his conviction for criminal sale of a firearm in the third degree under Indictment No. 14-00539. At the resentencing proceeding, the defendant was informed that the term of postrelease supervision that was imposed on that conviction was illegal. Defense counsel argued that the defendant was entitled to withdraw his plea of guilty if the court was unable to keep its sentencing promise. The court did not afford the defendant the opportunity to do so. Over the defendant's objection, the court amended the sentence under Indictment No. 14-00539, by vacating the two-year period of postrelease supervision imposed on the conviction of criminal sale of a firearm in the third degree and resentencing the defendant to a concurrent period of five years' postrelease supervision on that conviction.
The defendant appeals from the resentence. We reverse the resentence, and remit the matter to the County Court, Orange County, for further proceedings in accordance herewith.
With limited exception not applicable here, "[a]n appeal to an intermediate appellate court may be taken as of right by the defendant from . . . [a] sentence other than one of death, as prescribed in subdivision one of section 450.30" (CPL 450.10[2]). That subdivision provides that "[a]n appeal by the defendant from a sentence . . . may be based upon the ground that such sentence either was (a) invalid as a matter of law, or (b) harsh or excessive" (CPL 450.30[1]).
As relevant here, "[a]n appeal from a sentence, within the meaning of this section and section[ ] 450.10 . . . means an appeal from either the sentence originally imposed or from a resentence following an order vacating the original sentence" (CPL 450.30[3]). "For purposes of appeal, the judgment consists of the conviction and the original sentence only, and when a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence" (CPL 450.30[3]). Accordingly, the Court of Appeals has stated that on an appeal from a resentence "[t]he defendant's right to appeal is limited to the correction of errors or the abuse of discretion at the resentencing proceeding" (People v Lingle, 16 NY3d 621, 635).
Here, the defendant contends that both of the underlying judgments should be reversed and the underlying guilty pleas vacated on the ground that the County Court deviated from the terms of the plea agreement by imposing an aggregate term of seven years' imprisonment instead of the aggregate term of five years' imprisonment that it had promised the defendant when he agreed to plead guilty. To the extent that the defendant seeks vacatur of the underlying pleas and reversal of the underlying judgments due to an alleged violation of the plea agreement, such a contention is not reviewable on this appeal since the defendant has only appealed from the resentence (see CPL 450.30[3]; People v Jordan, 16 NY3d 845, 846; People v Toney, 116 AD3d 607, 607; People v Benoit, 83 AD3d 728, 728; People v Fields, 79 AD3d 1147, 1147-1148; People v Ferrufino, 33 [*2]AD3d 623, 623; People v Luddington, 5 AD3d 1042, 1042). Similarly, the defendant's further contentions that he was deprived of the effective assistance of counsel at the plea proceedings and at the original sentencing, and that the original sentence was excessive, may not be raised on this appeal from the resentence only (see CPL 450.30[3]; People v Benoit, 83 AD3d at 728; People v Ferrufino, 33 AD3d at 623).
However, to the extent that the defendant seeks reversal of the resentence on the ground that the County Court erred in imposing an enhanced term of postrelease supervision in violation of the plea agreement without first affording him the opportunity to withdraw his plea, his contention is reviewable on the merits on this appeal from the resentence (see People v Wheeler, 91 AD2d 647; cf. People v Jordan, 16 NY3d at 846; People v DeSpirito, 27 AD3d 479; People v Luddington, 5 AD3d 1042).
"A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (People v Catu, 4 NY3d 242, 244-245 [internal quotation marks omitted]; see People v Turner, 24 NY3d 254, 258; People v Cornell, 16 NY3d 801, 802). "While a trial court has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions, the court must advise a defendant of the direct consequences of the plea" (People v Catu, 4 NY3d at 244). "Postrelease supervision is a direct consequence of a criminal conviction" (id.).
"Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (id. at 245; see People v McAlpin, 17 NY3d 936, 938; People v Fox, 139 AD3d 871, 871-872; People v Fuertes, 105 AD3d 974, 975; People v Key, 64 AD3d 793, 793).
It is not enough for a court to generally inform a defendant that a term of postrelease supervision will be imposed as a part of the sentence (see People v Boyd, 12 NY3d 390, 393; People v Grimm, 69 AD3d 1231, 1232). Rather, for a plea of guilty to be knowing, intelligent, and voluntary, the court must inform the defendant of either the specific period of postrelease supervision that will be imposed or, at the least, the maximum potential duration of postrelease supervision that may be imposed (see People v Boyd, 12 NY3d at 393; People v Curtis, 119 AD3d 705, 705; People v Brown, 107 AD3d 1303, 1304; People v Blunt, 93 AD3d 675, 677; cf. People v Lopez, 51 AD3d 1210, 1211).
Furthermore, as is the case with a sentence of incarceration, if a court's promise of a specific term or range of postrelease supervision "is the product of a negotiated plea agreement, and the sentencing court is unable to fulfill its . . . promise due to the illegality of that [portion of the] sentence, the appropriate remedy is to give the defendant the opportunity to either accept an amended lawful sentence or withdraw his plea of guilty and be restored to pre-plea status" (People v Hollis, 309 AD2d 764, 765; see People v Dallas, 107 AD3d 912, 912; People v Bullard, 84 AD2d 845; see also People v Wolfolk, 134 AD3d 1059, 1059; People v Peale, 122 AD2d 353, 354; People v Miller, 38 AD2d 745, 746; accord People v Zeigler, 128 AD3d 737, 737).
Here, during the plea proceedings, the County Court indicated that it would impose periods of postrelease supervision that were between 1½ and 3 years. The court originally imposed periods of postrelease supervision of 2 years, periods that were within the range promised by the court. However, when the defendant was resentenced, the court imposed a period of 5 years of postrelease supervision on his conviction of criminal sale of a firearm in the third degree under Indictment No. 14-00539. Despite defense counsel's explicit request, the court did not give the defendant an opportunity to withdraw his plea of guilty.
Under these circumstances, the County Court erred in resentencing the defendant to a period of postrelease supervision on the conviction of criminal sale of a firearm in the third degree that exceeded the period of postrelease supervision that had been promised to the defendant in [*3]connection with the plea agreement, without first affording the defendant the opportunity to withdraw his plea of guilty to that count (see People v Dallas, 107 AD3d at 912; see also People v Wolfolk, 134 AD3d at 1059; People v Donofrio, 123 AD3d 941, 942). Furthermore, inasmuch as the defendant's plea of guilty on Indictment No. 14-00077, and his plea of guilty to the charge of criminal sale of a controlled substance in the third degree under Indictment No. 14-00539 were induced by the promise that the sentences on the two indictments would all run concurrently, the defendant must be afforded the opportunity to withdraw his pleas of guilty under both of the indictments, for all three convictions (see People v Sosa-Rodriguez, 63 AD3d 861, 863; People v Puntervold, 60 AD3d 1090, 1090; People v Sellers, 222 AD2d 941; cf. People v Murrell, 153 AD3d 730, 731-732).
Accordingly, under the particular circumstances of this case, the resentence must be reversed and the matter remitted to the County Court to afford the defendant the opportunity to withdraw his pleas of guilty under both of the indictments (see People v Wheeler, 91 AD2d 647). In the event that the defendant avails himself of that opportunity, the underlying pleas and judgments should be vacated, and the People may prosecute the defendant under all counts under both indictments, in addition to the two other alleged drug sales for which the defendant was not indicted, but which were covered under the terms of the parties' plea agreement. In the event that the defendant does not avail himself of the opportunity to withdraw his pleas of guilty and the parties do not otherwise agree to some other legal disposition, the court should proceed to resentence the defendant to a lawful period of postrelease supervision on the count of criminal sale of a firearm in the third degree (see People v Dallas, 107 AD3d at 912; People v Sosa-Rodriguez, 63 AD3d at 863).
Finally, to the extent that the defendant contends that he was deprived of the effective assistance of counsel at the resentencing proceeding, he failed to demonstrate "that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688; see People v Summerville, 138 AD3d 897, 899).
In light of the foregoing, the defendant's remaining contentions are academic.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court