■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JENKINS, Appellant. [909 NYS2d 680]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered September 10, 2008, which resentenced defendant following his conviction of the crimes of attempted sodomy in the first degree and sexual abuse in the first degree.

In 2000, as a result of his convictions of attempted sodomy in the first degree and sexual abuse in the first degree, defendant was sentenced as a second felony offender to concurrent prison terms of nine years and seven years, respectively. This Court later modified the judgment by vacating the sentence due to a discrepancy between the sentencing minutes and the Sentence and Commitment—Statement of Conviction form (*People v Jenkins*, 300 AD2d 751, 753-754 [2002], *lv denied* 99 NY2d 615 [2003]). Defendant was thereafter resentenced to the same term of imprisonment.

In 2008, while defendant was still serving his prison term, he

was identified as a "designated person" within the meaning of Correction Law § 601-d (1) because his sentence did not include a period of postrelease supervision. Consequently, County Court again resentenced him to concurrent prison terms of nine years and seven years, this time including five years of postrelease supervision in accordance with Penal Law § 70.45. This appeal ensued.

Initially, defendant's argument that his appellate counsel was ineffective may be entertained only in a common-law coram nobis proceeding and, therefore, is not properly before this Court (*see People v Bachert*, 69 NY2d 593, 596-597 [1987]; *People v Keebler*, 15 AD3d 724, 728 [2005], *lv denied* 4 NY3d 854 [2005]). Next, we are unpersuaded by defendant's claim that he was subjected to double jeopardy by the 2008 resentencing. Defendant had not yet completed serving his initial sentence (*see generally* Penal Law § 70.30 [1] [a]) and, thus, the illegal sentence was still subject to correction without invoking the protection against double jeopardy (*see People v Becker*, 72 AD3d 1290, 1291 [2010], *lv denied* 15 NY3d 747 [2010]; *see also People v Parisi*, 72 AD3d 989, 990 [2010], *lv granted* 15 NY3d 776 [2010]; *cf. People v Williams*, 14 NY3d 198, 217, 219-220 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Finally, County Court properly ruled that defendant's 2008 motion to set aside the verdict pursuant to CPL 330.30 was untimely inasmuch as it was not made prior to the original sentence (*see People v Richards*, 266 AD2d 714, 715 n [1999], *lv denied* 94 NY2d 924 [2000]). Defendant's remaining contentions have been examined and found to be unpersuasive.

Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.