[947 NE2d 153, 922 NYS2d 262]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE G. JORDAN, Appellant.

Argued February 15, 2011; decided April 5, 2011

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, New York City (*Elon D. Harpaz, Kristina Schwarz* and *Steven Banks* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Vincent Rivellese* and *Susan Axelrod* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

In 2000, defendant pleaded guilty to assault in the second degree and was sentenced to three years of imprisonment. After our decision in *People v Catu* (4 NY3d 242 [2005]), he was resentenced by Supreme Court, which pronounced a term of postrelease supervision that had been mistakenly omitted at the time of the first sentencing. Defendant appealed from the resentencing to the Appellate Division, asking that the conviction and sentence entered on his guilty plea be vacated.

The Appellate Division correctly held that defendant could not challenge his plea on appeal from a resentencing proceeding. CPL 450.30 (3) provides that "when a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence." An appeal such as this one seeking immediate relief from an underlying judgment of conviction is not one "only from the resentence."

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.