■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA HARPER, Appellant. [925 NYS2d 816]—

Judgment of resentence, Supreme Court, New York County (James A. Yates, J.), rendered February 5, 2009, as amended February 13, 2009, resentencing defendant to a term of 10 years, with 2½ years' postrelease supervision, unanimously affirmed.

The resentencing proceeding held pursuant to *People v Sparber* (10 NY3d 457 [2008]) to correct an error in failing to impose a term of postrelease supervision (PRS) was not barred by double jeopardy, since defendant was still serving her prison term at the time of the resentencing proceeding, and therefore had no reasonable expectation of finality in her illegal sentence (*see People v Lingle*, 16 NY3d 621 [2011]). Additionally, the *Lingle* court rejected due process arguments such as those raised by the defendant herein (*id.*).

Defendant, who does not seek to withdraw her plea, argues that she was entitled to specific performance of her original plea bargain, which made no mention of PRS (*cf. People v Catu*, 4 NY3d 242 [2005]). A similar claim was rejected in *People v Jordan* (16 NY3d 845 [2011]).

Defendant's remaining challenges to her resentencing are similar to arguments that were rejected in *People v Williams* (14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]; *see also Lingle*, 16 NY3d 621 [2011]). Concur—Mazzarelli, J.P., Sweeny, Catterson, DeGrasse and Manzanet-Daniels, JJ.