■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RAMOS, Appellant. [963 NYS2d 658]—

Judgment of resentence, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered September 11, 2009, resentencing defendant pursuant to Penal Law § 70.85 to an aggregate term of 20 years, without any period of postrelease supervision, unanimously affirmed. Appeal from order, same court and Justice, entered on or about July 24, 2009, which denied defendant's CPL 440.10 motion to vacate judgment, unanimously dismissed for lack of jurisdiction to entertain the appeal.

A Justice of this Court denied defendant's pro se CPL 460.15 application for leave to appeal from the denial of defendant's CPL 440.10 motion. However, defendant, through counsel, made a second leave application, which asserted upon information and belief that no other leave application had been made. In reliance on this inaccurate statement, another Justice of this Court issued a certificate granting leave to appeal.

"Not more than one application may be made for such certificate" (CPL 460.15 [2]). Prohibitions on multiple leave applications are jurisdictional (*see People v Nelson*, 55 NY2d 743, 743-744 [1981]), and we have no authority to disregard them, in the interest of justice or otherwise. The fact that the first application was made pro se while the second was made by counsel is of no consequence (*see People v Liner*, 70 NY2d 945 [1988]). Accordingly, we vacate the certificate and dismiss the appeal.

Although defendant's direct appeal from his judgment of resentence is properly before us, that appeal does not bring up for review any of defendant's present challenges to his original conviction (*see People v Jordan*, 16 NY3d 845 [2011]), and defendant has not demonstrated any basis for reversal or modification of the judgment of resentence. Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.