*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015          105488
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                              MEMORANDUM AND ORDER

WILLIAM ARRINDELL,
                    Appellant.
_____


Calendar Date:  November 20, 2014

Before:  McCarthy, J.P., Garry, Lynch and Clark, JJ.

_____


        Marshall Nadan, Kingston, for appellant.

        Jason Kovacs, Special Prosecutor, Kingston, for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(McGinty, J.), rendered September 11, 2012, which resentenced
defendant following his conviction of the crimes of criminal
possession of a controlled substance in the third degree and
attempted criminal possession of a weapon in the second degree.

        In January 2010, the dispatcher at the Kingston City Police
Department received a telephone call from an individual who
claimed to be watching a man on the street who had just placed a
handgun in his waistband.  The unidentified caller stated that
the man was black and was wearing a black jacket, blue jeans and
white sneakers.  Police proceeded to the area and observed
defendant, who largely fit that description, getting into a taxi.
The taxi was followed and, several minutes later, was pulled over
by a marked patrol car.  Defendant bolted from the taxi and was

pursued by police, who eventually apprehended him and found him to be in possession of a stun gun and a magazine of ammunition for a .45 caliber handgun. A further search of the area disclosed a .45 caliber handgun approximately 15 to 20 yards from where defendant had been taken into custody.

Subsequently, defendant was indicted on various weapons charges as a result of the incident, and sought to suppress the physical evidence recovered. County Court conducted a suppression hearing and denied that application. Thereafter, pursuant to an agreement resolving the weapons charges as well as an unrelated indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree. In March 2011, County Court sentenced defendant, as agreed, to an aggregate prison term of six years to be followed by postrelease supervision of five years. After learning that defendant should have been sentenced as a second felony offender, County Court summoned defendant before it for resentencing in September 2012. County Court then denied defendant's motion to withdraw his guilty plea, found him to be a second felony offender, and resentenced him to a sentence identical to that originally imposed.

Defendant now appeals from the resentencing, solely arguing that County Court's suppression ruling was erroneous. Inasmuch as "defendant never filed a timely notice of appeal from the original judgment of conviction, he may not challenge the propriety of the suppression ruling on his appeal from the resentence[]" (People v Anderson, 151 AD2d 684, 685 [1989]; see CPL 450.30 [3]; People v Jordan, 16 NY3d 845, 846 [2011]; People v Henriquez, 112 AD3d 1060, 1061 [2013], lv denied 23 NY3d 1021 [2014]). Defendant's remedy, if any, lies in filing an application for a writ of error coram nobis (see People v Syville, 15 NY3d 391, 399-401 [2010]; People v Henriquez, 112 AD3d at 1061 n 3).

McCarthy, J.P., Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court