■ The People of the State of New York, Respondent, v Raphael Golb, Appellant. [5 NYS3d 46]—

Judgment of resentence, Supreme Court, New York County (Laura A. Ward, J.), rendered July 14, 2014, resentencing defendant to an aggregate term of two months, concurrent with three years' probation, unanimously affirmed.

Defendant argues on this appeal that his CPL 330.30 motion should have been granted, since he was tried under an unconstitutionally broad reading of statutes that were subse-

quently narrowed by the Court of Appeals (23 NY3d 455 [2014], *cert denied* — US —, 135 S Ct 1009 [2015]). Further, defendant claims that the trial court erred in finding his CPL 330.30 *motion* untimely.

We find that defendant's appeal from his judgment of resentence following remand from the Court of Appeals does not bring up for review defendant's present challenges to his original conviction (*see e.g. People v Ramos*, 105 AD3d 684 [1st Dept 2013], *lv denied* 21 NY3d 1045 [2013]). Under CPL 450.30 (3), an appeal "from a resentence following an order vacating the original sentence," is considered an "appeal from a sentence." An appeal from a sentence may be based only "upon the ground that such sentence either was (a) invalid as a matter of law, or (b) harsh or excessive" (CPL 450.30 [1]). Thus, while defendant's direct appeal from his judgment of resentence is properly before this Court, it is improper to consider or review defendant's present challenges regarding his CPL 330.30 motion. Moreover, even if defendant's claims were reviewable on this appeal, his CPL 330.30 motion was properly denied as untimely since it was not made prior to the original sentence (*see* CPL 330.30; *People v Jenkins*, 78 AD3d 1212 [3d Dept 2010]).

Additionally, even upon considering the merits of defendant's argument that he was tried under an unconstitutionally broad reading of statutes that were subsequently narrowed, we find that this issue has already been addressed by the Court of Appeals (23 NY3d 455). Defendant raised this exact argument on his application to the Court of Appeals for reargument which was also denied (24 NY3d 932 [2014]). Thus, on this appeal, defendant is requesting relief already denied by the Court of Appeals.

Defendant argues that, in light of the analysis set forth in the opinion of the Court of Appeals, he should receive a new trial on the counts not dismissed by that Court, with different jury instructions reflecting such analysis. Nevertheless, this new argument should have been addressed to the Court of Appeals itself (*see People v Suarez*, 110 AD3d 420 [1st Dept 2013], *lv denied* 22 NY3d 1044 [2013]).

Finally, defendant asserts that his sentence of two months incarceration followed by three years of probation is unduly harsh. However, given defendant's convictions on the 19 misdemeanor counts of criminal impersonation and forgery, we do not find the sentence imposed at resentencing harsh or excessive. Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.