People v Buchanan (2018 NY Slip Op 05233)





People v Buchanan


2018 NY Slip Op 05233


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

108759

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANTHONY BUCHANAN, Also Known as SCIENCE, Also Known as SCIENTIFIC, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a judgment of the County Court of Albany County (Herrick, J.), rendered July 26, 2016, which resentenced defendant following his conviction of the crimes of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (two counts), criminal use of drug paraphernalia in the second degree (two counts) and criminal possession of a weapon in the third degree (four counts), and (2) by permission, from an amended order of said court (Carter, J.), entered May 11, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, without a hearing.
In July 2002, after a jury trial, defendant was convicted of various drugs and weapons offenses and was sentenced, as a second felony offender, to an aggregate prison term of 21 years to life for the drug offenses. His judgment of conviction was thereafter affirmed on appeal (95 AD3d 1433 [2012], lvs denied 22 NY3d 1039, 1043 [2013]). Subsequently, defendant sought resentencing pursuant to CPL 440.46 and, ultimately, County Court (Herrick, J.) vacated the 2002 sentences for the drug convictions and, pursuant to a negotiated disposition, resentenced him to an aggregate prison term of 16 years for the subject drug offenses, to be served [*2]consecutively with the remaining aggregate prison term of seven years for the 2002 weapons offenses. Defendant appeals from the resentence. Defendant then moved, pursuant to CPL 440.10, to vacate the judgment of conviction, arguing that he was deprived of his right to the effective assistance of counsel during resentencing. In May 2017, County Court (Carter, J.) denied the motion without a hearing and, with this Court's permission, defendant also appeals therefrom.
Defendant contends that his agreed-upon resentence was harsh and excessive. Inasmuch as we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed upon resentence in the interest of justice, we decline to disturb it (see People v Howard, 111 AD3d 1021, 1021-1022 [2013], lv denied 22 NY3d 1199 [2014]; People v Carter, 97 AD3d 852, 852 [2012], lv denied 19 NY3d 1024 [2012]). We find similarly unavailing defendant's argument that the uniform sentence and commitment form must be amended to reflect a change in his predicate status. "While a resentencing court may impose a more lenient sentence in accordance with the dictates of CPL 440.46 and Penal Law § 70.70, it may not revisit defendant's prior adjudication as a predicate felon" (People v Dais, 19 NY3d 335, 346 [2012]).
Defendant also contends that County Court erred in summarily denying his CPL 440.10 motion, in which he claims that he was deprived of the effective assistance of counsel at the resentencing proceeding because his attorney failed to inform him that any resentence for the subject drug offense would or could be served consecutively to the sentences for the weapons convictions. However, defendant's allegation that he was unaware of the possibility of consecutive sentences is directly contradicted by his own statements contained in the record on the direct appeal, which indicate not only awareness, but consent to the resentencing proposal, including serving the sentences consecutively (see People v Dickson-Eason, 143 AD3d 1013, 1015 [2016], lv denied 28 NY3d 1123 [2016]). Specifically, defendant indicated on the record three separate times that he had enough time to consider and discuss the proposal with his attorney and that he found such offer acceptable. Therefore, County Court properly denied his motion without a hearing as a direct appeal was available (see CPL 440.10 [2] [b]; People v Carter, 105 AD3d 1149, 1150 [2013]; compare People v Rapp, 133 AD3d 979, 980-981 [2015]; People v Diallo, 113 AD3d 199, 201 [2013]).
Finally, notwithstanding the fact that this is an appeal from only the resentence and not the original judgment of conviction (see CPL 450.30 [3]; People v Jordan, 16 NY3d 845, 846 [2011]; People v Arrindell, 124 AD3d 1135, 1136 [2015], lv denied 26 NY3d 965 [2015]), we note that defendant's conviction of criminal possession of a controlled substance in the second degree (count 5) must be vacated as a matter of law as it is an inclusory concurrent count of criminal possession of a controlled substance in the first degree (count 1), for which he was also convicted (see CPL 300.40 [3] [b]; People v Davis, 155 AD3d 1311, 1317 [2017], lv denied 30 NY3d 1114 [2018]; People v Cortado, 85 AD3d 1304, 1306-1307 [2011], lv denied 17 NY3d 815 [2011]).
Garry, P.J., McCarthy, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of criminal possession of a controlled substance in the second degree under count 5 of [*3]the indictment; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.
ORDERED that the amended order is affirmed.