People v Woodward (2020 NY Slip Op 07769)





People v Woodward


2020 NY Slip Op 07769


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


825 KA 17-00563

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTIN L. WOODWARD, DEFENDANT-APPELLANT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Oswego County Court (James K. Eby, A.J.), rendered September 21, 2016. Defendant was resentenced upon his conviction of sexual abuse in the first degree. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: On a prior appeal (People v Woodward, 126 AD3d 1401, 1401 [4th Dept 2015], lv denied 26 NY3d 1152 [2016]), we affirmed the judgment convicting defendant following a jury trial of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant now appeals from the resentence imposed on that conviction but raises a contention only with respect to a prior order that denied in part his motion seeking, as relevant here, to vacate the judgment of conviction pursuant to CPL 440.10 (1) (g). That contention, however, is "not properly before this Court on the appeal from the [resentence]" (People v Burton, 138 AD3d 882, 884 [2d Dept 2016]; see CPL 450.30; see also People v Golb, 126 AD3d 401, 402 [1st Dept 2015], lv denied 26 NY3d 929 [2015]; see generally People v Syville, 15 NY3d 391, 399 [2010]). Even assuming, arguendo, that defendant intended to appeal from the order denying the motion in part, we note that defendant did not seek leave to appeal from that order (see CPL 450.15 [1]). We therefore dismiss the appeal (see generally People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court