People v Nelson (2021 NY Slip Op 03728)





People v Nelson


2021 NY Slip Op 03728


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


518 KA 20-00984

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD NELSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered July 21, 2020. Defendant was resentenced upon his conviction of gang assault in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 12 years, and as modified the resentence is affirmed.
Memorandum: Defendant was convicted following a jury verdict of gang assault in the first degree (Penal Law § 120.07). On a prior appeal, we, inter alia, reduced the conviction to gang assault in the second degree under a theory of accomplice liability (§§ 20.00, 120.06), vacated the sentence, and remitted the matter to Supreme Court for resentencing (People v Nelson, 178 AD3d 1395, 1397 [4th Dept 2019], lv denied 35 NY3d 972 [2020]). Defendant now appeals from the resentence.
Although defendant contends that his conviction should be further reduced to assault in the third degree, a defendant who appeals from a resentence only may not challenge the underlying judgment of conviction (see People v Smith, 21 AD3d 1360, 1360 [4th Dept 2005], lv denied 5 NY3d 885 [2005]; see generally CPL 450.30 [3]; People v Jordan, 16 NY3d 845, 846 [2011]; People v Ramos, 105 AD3d 684, 685 [1st Dept 2013], lv denied 21 NY3d 1045 [2013]).
Finally, defendant contends that his resentence is unduly harsh and severe because it is the same as the sentence that was originally imposed on the count of gang assault in the first degree, which was later reduced. We agree with defendant that the sentence should be modified to reflect the reduction of his conviction from gang assault in the first degree, a class B felony, to gang assault in the second degree, a class C felony. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed to a determinate term of 12 years, to be followed by the five-year period of postrelease supervision previously imposed by the court (see CPL 470.15 [6] [b]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court